# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HERNANDEZ, <br><br> Plaintiff, <br> vs. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 06cv0232 WQH (BLM) <br><br> ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND (3) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT. |

HAYES, Judge:

Pending before the Court is the Report and Recommendation (Doc. # 35) of United States Magistrate Judge Barbara L. Major recommending that the Court deny Plaintiff's motion for summary judgment (Doc. # 23) and grant Defendant's[1] cross-motion for summary judgment (Doc. # 25).

## BACKGROUND

On May 20, 2003, Plaintiff Daniel Hernandez filed an application for disability insurance benefits under Title II of the Social Security Act. Admin. Record at 21; *see also* 42 U.S.C. §§ 401-33. On October 28, 2004, Administrative Law Judge ("ALJ") Bernard A. Trembly issued a partially favorable decision for Plaintiff, granting Plaintiff benefits from June 23, 2002 through July 30, 2003,

---

[1] On February 12, 2007, Michael J. Astrue replaced Jo Anne B. Barnhart as the Commissioner of Social Security (Def's Cross-Mot at 1 n.1). The Court hereby substitutes Michael J. Astrue as the Defendant in this case, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

but denying Plaintiff benefits after July 30, 2003. Admin. Record at 21.

On June 29, 2005, the Appeals Council declined Plaintiff's request to review the ALJ's decision, and notified Plaintiff that he could file a civil action within 60 days from the date of receipt of the notice. Admin. Record at 9. On November 9, 2005, Plaintiff requested an extension of time to file a civil action, and on December 22, 2005, the Appeals Council granted Plaintiff an additional 30 days in which to file a civil action. Admin. Record at 3.

Plaintiff was required to file a civil action on or before January 23, 2006, but Plaintiff did not file his Complaint in the District Court until January 31, 2006. (Docs. # 1, 35).

On April 18, 2006, Defendant moved to dismiss the Complaint. (Doc. # 6). On June 20, 2006, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny the motion to dismiss so that Plaintiff could be afforded an opportunity to establish equitable tolling. (Doc. # 11). On August 24, 2006[2], the Court adopted the Report and Recommendation in its entirety. (Doc. # 12).

On September 7, 2006[3], Defendant answered the Complaint. (Doc. # 14). Thereafter, the parties filed cross-motions for summary judgment. (Docs. # 25, 28, 29).

On May 24, 2007, and after the parties filed cross-motions for summary judgment, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment. (Doc. # 35). On June 15, 2007, Plaintiff filed objections to the Report and Recommendation. (Doc. # 37).

**STANDARD OF REVIEW**

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The ALJ's decision denying benefits "will be disturbed only if that

---

[2] The Report and Recommendation mistakenly noted the date as August 24, 2007. Report & Recommendation at 4, line 2.

[3] The Report and Recommendation mistakenly noted the date as September 7, 2007. Report & Recommendation at 4, line 6.

1  decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id*.

**DISCUSSION**

After a de novo review of those portions of the Report and Recommendation to which the Plaintiff objected, the District Court adopts the Report and Recommendation in its entirety. The Magistrate Judge correctly concluded that Plaintiff's complaint was untimely because it was not filed within the time allowed by 42 U.S.C. § 405(g) and the Appeals Council. Admin. Record at 3, 9-11. The record establishes that Plaintiff filed his Complaint after the time provided by the Commissioner of Social Security had lapsed, and the Court agrees with the Magistrate Judge that because Plaintiff had properly and successfully submitted a previous request for an extension, his subsequent delay does not justify equitable tolling. "A garden variety claim of excusable neglect," does not justify equitable tolling. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Plaintiff has not established that he is entitled to equitable relief, and the Magistrate Judge correctly concluded that Defendant's cross-motion for summary judgment should be granted on that basis. Plaintiff did not object to the Report and Recommendation's equitable tolling discussion.

Plaintiff objects to the Magistrate Judge's Report and Recommendation on two related grounds. First, Plaintiff objects to a sentence in the "Factual Background" section of the Report and Recommendation, which reads, "no physician of record has opined that the claimant's continued symptoms or impairments result in greater limitations than found by the undersigned after July 30, 2003." Report and Recommendation at 8. Plaintiff objects to this statement, which was made by the ALJ in the ALJ's decision to partially grant benefits, on the grounds that Plaintiff has included reports from physicians, many dated after the ALJ's decision, that describe worsening symptoms. Objections at 4. It appears that Plaintiff's objection is that the Magistrate Judge did not consider the new evidence. After reviewing the Report and Recommendation, however, it is clear that the Magistrate Judge did consider the evidence which was submitted by Plaintiff after the ALJ's decision. Report and Recommendation at 22-25. The Court concludes that Plaintiff's first objection does not warrant reversal of the Report and Recommendation.

In his second objection, Plaintiff claims that the Report and Recommendation improperly dismisses the evidence that Plaintiff submitted after the ALJ rendered his decision. Specifically, Plaintiff contends that the Report and Recommendation incorrectly states that, of the subsequently submitted medical opinions, "only Dr. Luetzow concluded that plaintiff was disabled." Report and Recommendation at 22-23. Plaintiff contends that physicians other than Dr. Luetzow provided statements in support of his disability. After reviewing the record and the Report and Recommendation, the Court concludes that Plaintiff's contention is incorrect. The Magistrate Judge noted each of the medical reports submitted by Plaintiff after the decision of the ALJ, but correctly concluded that the majority of those opinions did not further Plaintiff's disability claim. *See* Report and Recommendation at 22-23, fn. 9, 25. Furthermore, the Magistrate Judge correctly concluded that even in light of the opinions of Drs. Luetzow and Kerr, the ALJ's decision was still supported by substantial evidence and was not contrary to the weight of authority.

## CONCLUSION

**IT IS HEREBY ORDERED** that:

(1) the Court adopts the Report and Recommendation (Doc. # 35) filed on May 24, 2007, in its entirety;

(2) Plaintiff's motion to summary judgement (Doc. # 23) is DENIED; and

(3) Defendant's cross-motion for summary judgment (Doc. # 25) is GRANTED.

**IT IS SO ORDERED.**

DATED: August 21, 2007

**WILLIAM Q. HAYES**
United States District Judge